Calvin Phillip GEE and Glenda Faye Gee, Appellants,

v.

OWENS–ILLINOIS, INC. and Howard O. Bruce, Appellees.

No. 24573.

United States Court of Appeals
Fifth Circuit.

Oct. 20, 1967.

W. E. Badgett, Knoxville, Tenn., C. James Jessee, Jr., R. Keegan Federal, Jr., Atlanta, Ga., for appellants.

Palmer H. Ansley, Long, Weinberg & Ansley, Atlanta, Ga., for appellees.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal criticizes the trial court for including in its charge to the jury instructions as to contributory and comparative negligence; the admission into evidence of pre-accident medical examinations of the plaintiff; the inadequacies of the verdicts awarded to the plaintiffs; and the method by which the jury verdict was reached.

We conclude that no reversible error occurred in connection with any of the asserted grounds of appeal. This court is unable to say with certainty that the trial court erred in submitting the question of the issue of negligence by the driver to the jury. It is rare indeed that the question of negligence in connection with the conduct of automobile drivers in traffic situations such as were present here can be decided as a matter of law.

As to the admission into evidence of the testimony of a doctor concerning visits by the plaintiff on occasions prior to the accident here, it is to be noted that the trial court has a broad discretion to admit evidence that may have prejudicial overtones even when such evidence is admissible under some theory of the case. We conclude that this evidence was not irrelevant on the issue whether Mrs. Gee was in fact pregnant at the time of the injury complained of. The fact that the doctor's testimony may have had a prejudicial effect because of imputations of possible pregnancy before marriage is not a matter as to which this court can hold that the trial judge's action was an abuse of discretion.

The verdicts were small, but the jury could well have found that as to the claimed injury to the automobile, the appellants' estimate of damage was greatly inflated. The jury may well have taken this into consideration in evaluating the weight to be given to the testimony of the two plaintiffs. We cannot find as a matter of law that these verdicts are so shocking as to warrant a reversal of the judgment.

There is no evidence to support the appellants' contention that the verdict was arrived at in any manner contrary to law.

The judgment is affirmed.